# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RENEE S.,[1] | : | Case No. 2:22-cv-3458 |
| Plaintiff, | : : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : : : | |
| Defendant. | : : | |

# ORDER

This matter is before the Court upon Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. #13), Plaintiff's Affidavit in Support of Plaintiff's Motion (Doc. #14), and the Commissioner's Objection to Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act. (Doc. #15).  Plaintiff did not file a reply to the Commissioner's memorandum of objection.  For the reasons explained below, Plaintiff's Motion for Attorney Fees is **GRANTED IN PART and DENIED IN PART.**

**I.     Procedural History**

The Equal Access to Justice Act ("EAJA") provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)).

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

Under the EAJA, an application for attorney fees and other expenses must be submitted within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B). The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G); *see Buck v. Sec'y of H.H.S.*, 923 F.2d 1200, 1202 (6th Cir. 1991). The thirty-day clock begins to run after the time to appeal the final judgment has expired, sixty days from the Clerk's entry of judgment. *See Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991); *see also Shalala v. Schaefer*, 509 U.S. 292 (1993). On September 26, 2023, this Court issued a Decision and Entry granting Plaintiff's Statement of Errors (Doc #8) and remanding the case to the Social Security Administration under sentence four of 42 U.S.C. § 405(g). (Doc. #11). The Clerk entered judgment on the same day. (Doc. #12). Plaintiff's application for attorney fees was filed on December 22, 2023, and is therefore timely. (Doc. #13). This matter is now ripe for a decision on Plaintiff's Motion for EAJA fees.

**II.**     **Standard of Review**

The EAJA provides:

> A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, eligibility for a fee award under the EAJA requires: (1) that the plaintiff be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust.

2

In this case, the Commissioner does not dispute that Plaintiff is the prevailing party or that special circumstances make the award unjust; rather, the Commissioner contends that its position defending the ALJ's decision was substantially justified. (Doc. #15, *PageID* #s 1880-92). Alternatively, if the Court were to find the Commissioner's position not substantially justified, the Commissioner argues that Plaintiff's requested EAJA fees of $8,404.86 should be reduced by $288.00 as "clerical or secretarial work [that] is not compensable under the EAJA." (Doc. #14, *PageID* #1776); (Doc. #15, *PageID* #s 1892-94).

### III. <u>Discussion</u>

*Substantial Justification*

Under the EAJA, a position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). In other words, the Commissioner's position in a social security case is substantially justified if it has "a reasonable basis both in law *and* fact." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014) (citing *Pierce*, 487 U.S. at 565) (emphasis added). It is the Commissioner's burden to prove that its position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004). While solely procedural remands are likely to be substantially justified, remands with substantive elements are not. *DeLong*, 748 F.3d at 727 (remanded on procedural grounds alone); *Miller v. Comm'r of Soc. Sec.*, 346 F. Supp. 3d 1018, 1024-25 (E.D. Mich. 2018) ("In reviewing whether the government's position was substantially justified, the Sixth Circuit [in *DeLong*] has drawn a distinction between cases in which the ALJ's decision was vacated based on a procedural error . . . and cases in which the ALJ's decision was vacated on substantive grounds. . . . [T]his is not a case where remand was

3

based solely on a procedural error . . . . Defendant has failed to satisfy her burden of showing that her position was substantially justified."); *Bushor v. Comm'r of Soc. Sec.,* No. 1:09-CV-320, 2011 WL 3438446, at *3 (S.D. Ohio Jan. 10, 2011) (Bowman, M.J.) ("the ALJ's decision was not reasonably based in fact because it wholly ignored large portions of the record."); *Cunic-Goodman v. Comm'r of Soc. Sec.*, No. 1:17-CV-382, 2019 WL 935209, at *2-3 (W.D. Mich. Feb. 26, 2019) (the Commissioner's position was not reasonable in law and fact when the ALJ's failure to reasonably explain her RFC determination "made it impossible for [the Court] to determine the foundation of her RFC finding."); *Irizarry v. Colvin*, No. 1:13-CV-02161, 2015 WL 3755978, at *4 (N.D. Ohio Jun. 16, 2015) (the ALJ's "'fail[ure] to address altogether' the social functioning limitations assigned by one of Plaintiff's treating physicians" was a substantive error "that rendered this issue unreviewable by this Court."); *Waite v. Comm'r of Soc. Sec.*, No. 1:16-CV-1163, 2018 WL 11450089, at *4 (W.D. Mich. Jan. 22, 2018) (the Commissioner's position was not substantially justified when "the ALJ's decision [was] not sufficiently specific to make clear to this court the weight which the ALJ gave plaintiff's statements and the reasons for that weight. . . . [T]he ALJ's decision did not provide any explanation as to which of plaintiff's claims were credible, which of plaintiff's claims were not credible, or how plaintiff's lack of credibility affected her RFC.").

In this case, the Court remanded for "a new decision that addresses all of Plaintiff's alleged symptoms, clearly states the extent to which those symptoms limit the Plaintiff, and explains why those symptoms are not credited if they are alleged to exceed the exertional requirements of the RFC." (Doc. #11, *PageID* #1767). Because the ALJ did not mention or assess Plaintiff's alleged symptoms of neck and shoulder pain that prevented overhead lifting, nor did he mention why he

4

disregarded the notes of Plaintiff's physical therapist, Kim Gregg-Cornell, DPT, PT, or the records of her chiropractor, Christian E. Gedeon, D.C., in particular correlation to those symptoms, the Court "[could] not 'assess how the adjudicator evaluated the individual's symptoms.'" [2] *Id*. at 1766-67 (citing Soc. Sec. R. 16-3p, 2016 WL 1119029, at *9). When an ALJ decision is not specifically clear enough for the Court to determine whether the ALJ followed a Social Security regulation, courts have held the Commissioner's defense of the ALJ's decision is not substantially justified. *See Cunic-Goodman*, 2019 WL 935209, at *2-3; *Irizarry*, 2015 WL 3755978, at *4; *Waite,* 2018 WL 11450089, at *4; *see also Kane v. Astrue*, No. 1:10-CV-1874, 2012 WL 5357781, at *1 (N.D. Ohio Oct. 31, 2012) ("[T]he position of the Commissioner is not substantially justified if the error committed by the ALJ consists of a violation of the Commissioner's regulations.") (citation omitted).

The Commissioner argues that this case was remanded based on a "narrow articulation error," and, therefore, under *DeLong* and its progeny, its position was substantially justified. (Doc. #15, *PageID* #s 1889-90). However, the Court in *DeLong* did not distinguish "articulation" errors versus non-articulation errors as the guiding determination for the substantial justification analysis, but rather whether the remand was based solely on a procedural issue versus a substantive one; the

---

[2] While the Commissioner asserts that this case was remanded on a "narrow articulation error," the Court emphasized that articulation was particularly crucial in a fibromyalgia case such as Plaintiff's. (Doc. #11, *PageID* #s 1761-64); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007) ("given the nature of fibromyalgia, where subjective pain complaints play an important role in the diagnosis and treatment of the condition, providing justification for discounting a claimant's statements is particularly important"); *Swain v. Comm'r of Soc. Sec.*, 297 F.Supp.2d 986, 993 (N.D. Ohio 2003) (reversing where ALJ relied solely on objective tests and failed to acknowledge longitudinal clinical data including the treating physician's "finding that Swain exhibited … 18 of the 18 designated tender points"). Therefore, as "disability claims related to fibromyalgia are related to the *symptoms* associated with the condition— including complaints of pain, stiffness, fatigue, and inability to concentration—rather than the underlying condition itself," failure to articulate any assessment of Plaintiff's symptoms in a fibromyalgia case is far more analogous to a substantive issue than a procedural one. *Rogers*, 486 F.3d, at 247.

5

standard remains whether it was reasonable in law and fact for the Commissioner to defend its position. *Cunic-Goodman*, 2019 WL 935209, at *3. Furthermore, in affirming the district court's finding of substantial justification, *DeLong* emphasized that "the ALJ *did not ignore the opinions* of DeLong's treating physicians. As the record reflects, even where the ALJ did not reference certain treating physicians by name, he included in his analysis operations that they had performed and records that they had produced." *Id*. at 727 (emphasis added). Courts have stressed that *DeLong* and its progeny are a "narrow class of cases." *Irizarry*, 2015 WL 3755978, at *4; *Escobar v. Colvin*, No. 1:13-CV-2508, 2015 WL 4041845, at *4 (N.D. Ohio July 1, 2015); *Brannon v. Colvin*, No. 1:15-CV-904, 2016 WL 346022, at *4 (N.D. Ohio June 24, 2016). Unless within the narrow line of *DeLong* and its progeny, awarding attorney's fees is generally encouraged in cases where "plaintiff[s] win a remand." *See Stacey v. Comm'r of Soc. Sec*., No. 1:14-CV-842, 2016 WL 3079130, at *4 (S.D. Ohio May 5, 2016) (Bowman, M.J.) ("Precedent also supports the exercise of discretion in favor of award of EAJA fees in the vast majority of social security cases involving remands in the Sixth Circuit. . . . EAJA fees have been awarded even in most cases in which the government actively opposes an award on grounds that its position was substantially justified."). Because this case's remand contains substantive elements, the Court concludes that it does not fall under *DeLong*'s narrow class of cases.

Additionally, the Commissioner asserts that the Court "essentially agreed with the Commissioner's position that the ALJ considered many relevant factors in assessing symptoms," including that "[t]he ALJ noted that physical examinations were 'consistently unremarkable' and neurological evaluations were 'consistently within normal limits.'" (Doc. #15, *PageID* #s 1885-86) (citing Doc. #11, *PageID* #s 1764-65). However, the Commissioner mischaracterizes the

Court's decision; specifically, the Court concluded that the ALJ's finding that Plaintiff's physical examinations were 'consistently unremarkable' was in stark contrast to notes and treatment records from Plaintiff's physical therapist and chiropractor. (Doc. #11, *PageID* #s 1766-67). The Court noted that both practitioners identified symptoms consistent with Plaintiff's alleged symptoms in Plaintiff's visits with them, and the ALJ gave "no indication that he considered [Ms. Gregg-Cornell's] notes or opinion as they relate to Plaintiff's testimony regarding overhead lifting" and did not indicate he considered any of Dr. Gedeon's treatment records at all. *Id*. Therefore, the Court did not essentially agree with the Commissioner's position; rather, the Court indicated yet another deficit in the ALJ's decision that ultimately required remand. *See also Kane*, 2012 WL 5357781, at *2-3 ("[T]he Commissioner mischaracterizes the Court's ruling and the reasons for the remand . . . it is clear that the remand was necessitated by the ALJ's failure to follow social security regulations and policies. Courts have consistently refused to find the government's position to be 'substantially justified" when the ALJ fails to apply the correct legal standard.").

Furthermore, an "ALJ's decision [is] not reasonably based in fact [when] it wholly ignore[s] large portions of the records. *Bushor*, 2011 WL 3438446, at *3. In this case, all the chiropractic records, several of which supported Plaintiff's alleged symptoms preventing overhead lifting, were ignored by the ALJ. (Doc. #7-7, *PageID* #s 809-44). Unlike *DeLong* or its progeny, these records, or more importantly, the alleged symptoms, were not referenced by implication in the record. *DeLong*, 748 F.3d at 727. By failing to discuss the chiropractic records in his decision, the ALJ omitted much of the corroborating evidence of Plaintiff's alleged neck and shoulder pain that prevented her from lifting overhead. Additionally, the Court noted that the ALJ had mistakenly found that Plaintiff's daily activities included wood burning and etching glass, when

7

in fact, Plaintiff testified during the hearing that she did not engage in either activity and had not "in probably three or four years, if not five or six." (Doc. #7-2, *PageID* #76); (Doc. #11, *PageID* #1766).

In sum, it was not reasonable as a matter of law or fact for the Commissioner to defend the ALJ's decision because of the ALJ's incomplete symptom analysis, flawed characterization of "unremarkable" findings, omission of portions of the record, and erroneous assessment of Plaintiff's testimony. Therefore, the Commissioner's position was not substantially justified, allowing Plaintiff to recover attorney fees under the EAJA.

*Reduction of Attorney's Fees*

In the alternative to finding the Commissioner's position substantially justified, the Commissioner requests that the Court "reduce Plaintiff's requested EAJA fees [by $288.00] to remove non-compensable clerical work." (Doc. #14, *PageID* #1776); (Doc. #15, *PageID* #s 1892-94). The Commissioner contends that certain time entries for Plaintiff's paralegal represents "purely clerical or secretarial tasks that should not be billed at a paralegal rate, regardless of who performs them." (Doc. #15, *PageID* #s 1892-93) (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). These time entries are as follows:

1. 0.6 hours spent on 07/27/2022 on "Files received, reviewed, and processed from referral source for attorney interview,"

2. 0.4 hours spent on 08/04/2022 on "Telephone call with Client re: completed debt conference call, explained EAJA,"

3. 0.6 hours spent on 09/12/2022 on "FDC contract and other rep documents prepared for Client completion,"

8

    4. 0.3 hours spent on 09/13/2022 on "FDC contract other rep documents returned via AssureSign, reviewed for completion," and

    5. 1.7 hours spent on 11/22/2022 on "Combine, OCR and live bookmark federal court transcript (1673 pages)."

*See* Doc. #15, *PageID* #1893. The Court agrees with the Commissioner that the first, third, fourth, and fifth entry are clerical and therefore not compensable under the EAJA but disagrees that the second entry is clerical.

    The first entry entails "files received, reviewed and processed from referral source for attorney interview," a task that multiple courts in the Sixth Circuit have determined to be clerical work because "this task does not require substantive legal knowledge and is more akin to 'receiving and filing correspondence.'" *Warren v. Kijakazi*, No. 5:21-CV-68-REW, 2022 WL 16948563, at *4 (E.D. Ky. Nov. 15, 2022); *see also Zupp on Behalf of A.W.E. v. Comm'r of Soc. Sec.*, No. 2:14-CV-2545, 2016 WL 11509688, at *2 (S.D. Ohio Aug. 16, 2016) (Sargus, D.J.) ("Drafting a letter to a referral source . . . does not involve legal knowledge"); *Whitaker v. Kijakazi*, No. 5:21-CV-163-CHB, 2022 WL 3449474, at *3 (E.D. Ky. Aug. 17, 2022) ("[P]aralegal communications with a referral source are not compensable under the EAJA.").

    The third entry, "FDC contract and other rep documents prepared for Client completion," appears to be clerical based on the information currently before the Court. The term "prepared," without further explanation by Plaintiff of whether the paralegal utilized substantive legal knowledge or merely filled in a contract form with client information, more closely aligns to clerical work that is not compensable under the EAJA. *See Sassan v. Comm'r of Soc. Sec.*, No. 1:08-CV-120, 2010 WL 3892220, at *3 (W.D. Mich. Jan. 13, 2010) (Because of "vague entries in

9

the 'Sassan EAJA Time Log', it is virtually impossible to determine the exact work performed. . . . [D]rafting and sending forms to plaintiff … is clerical in nature and not compensable as tasks 'traditionally performed by attorneys.'"); *see also Wilson v. Comm'r of Soc. Sec.*, No. 6:23-CV-7-DCI, 2024 WL 1555372, *5 (M.D. Fla. Apr. 10, 2024) (citing identical entry to Plaintiff's third entry as a non-compensable clerical task under the EAJA), *accord Taylor v. Comm'r of Soc. Sec.,* 2023 WL 4082125, at *2 (M.D. Fla. June 20, 2023).

The fourth entry, "FDC contract other rep documents returned via AssureSign, reviewed for completion," has been determined clerical in nature by several courts. *See Sassan,* 2010 WL 3892220, at *3 (W.D. Mich. Jan. 13, 2010) ("receiving forms from plaintiff [is] clerical in nature and not compensable as tasks 'traditionally performed by attorneys'"); *see also Kelly J. v. Kijakazi*, No. 1:21-cv-314-DCN-CWD, 2023 WL 196128, at *2 (D. Idaho Jan. 17, 2023) (citing identical entry to Plaintiff's fourth entry as non-compensable clerical task under the EAJA); *Fryer v. Saul*, No. 7:19-CV-198-RJ, 2021 WL 769664, at *2 (E.D. N.C. Feb. 26, 2021).

Finally, the fifth entry regarding "[c]ombine, OCR and live bookmark federal court transcript (1673 pages)" neither "require[s] legal knowledge [n]or is it an especially complex task or a task traditionally performed by an attorney." *Zupp*, 2016 WL 11509668, at *3; *see also Marcia L. v. Comm'r of Soc. Sec.*, No. 1:20-CV-202, 2022 WL 4537981, at *7 (S.D. Ohio Sep. 28, 2022) (Litkovitz, M.J.); *Dulin v. Colvin*, No. 3:14-CV-288, 2015 WL 6689370, at *2 (S.D. Ohio Nov. 3, 2015) (Ovington, M.J.), *report and recommendation adopted*, 2015 WL 7571839 (S.D. Ohio Nov. 24, 2015) (Rice, D.J.); *Spiller v. Comm'r of Soc. Sec.*, 940 F.Supp. 2d 647, 651 (S.D. Ohio 2013) (Newman, M.J.), *report and recommendation adopted,* 940 F.Supp. 2d 647 (S.D. Ohio 2013) (Rice, D.J.).

However, Plaintiff's second entry, "Telephone call with Client re: completed debt conference call, explained the EAJA" does not appear clerical in nature because it involves substantive legal knowledge and is a task traditionally performed by attorneys. While the Commissioner cites one case that found similar tasks to be clerical, several other district courts have held that a paralegal's call with a client explaining the EAJA requires substantive legal knowledge and is therefore compensable under the EAJA. *Compare Lawrence v. Comm'r of Soc. Sec.*, No. CV 2:20-067, 2022 WL 3585723, at *2 (S.D. Ga. Aug. 22, 2022) ("Telephone call with Client: re completed debt conference call, explained EAJA" is a clerical paralegal entry); *with Martin v. Kijakazi*, No. 1:22-CV-848, 2023 WL 5921364, at *5 (E.D. Va. Aug. 31, 2023) ("paralegal time on a client call to discuss 'federal debt check, [and] explain EAJA' is "squarely [a] substantive communication[] of the sort traditionally performed by an attorney"); *Catisha W. v. Kijakazi*, Civil No. 21-1567-BAH, 2022 WL 16839564, at *1 n.2, *2 (D. Md. Nov. 9, 2022) (entry for "conversation with the client re: completion of federal debt check, explained EAJA" is "reasonable under the circumstances"); *Valerie S. v. Comm'r of Soc. Sec.*, No. 4:21-CV-5-WEJ, 2022 WL 16702512, at *3 (N.D. Ga. Sep. 7, 2022) ("explaining the EAJA to a client requires legal knowledge and is not clerical"); *Coy v. Comm'r of Soc. Sec.*, No. 5:20-CV-242-PRL, 2021 WL 958842, at *2 (M.D. Fla. Dec. 17, 2021) ("telephone call with the client to explain the EAJA and assignment of fees . . . involve[s] legal work traditionally performed by counsel"); *Fryer*, 2021 WL 769664, at *2 ("'Telephone call with Client re: completed federal debt check, explained EAJA' . . . appear[s] to be a substantive discussion[] which [is] appropriately performed by an attorney . . ."). The Court concurs with the several district courts that a paralegal's call with a client explaining the EAJA requires substantive legal knowledge. Therefore, the Court finds that

11

the 0.4 hours requested by the Plaintiff for this task to be compensable under the EAJA.

Accordingly, Plaintiff's fee award will be reduced by $256.00 (3.2 hours at $80.00/hour) for the clerical entries discussed above.

*Reasonableness of Attorney's Fees*

Plaintiff seeks an award of attorney fees under the EAJA in the amount of $8,404.86. (Doc. #14, *PageID* #1775). As Plaintiff's hourly request exceeds $125.00 an hour, the Court must determine if the requested attorney hourly rates of $224.46 in 2022 and $231.36 in 2023 are justified by an increase in cost of living or a special factor. 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."). "In requesting an increase in the hourly-rate fee, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. . . . Plaintiffs must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Marcia L.*, 2022 WL 4537981, at *5 (citing *Bryant,* 578 F.3d 443, at 445, 450). Plaintiff's Motion and supporting documents establish that she is entitled to an award of attorney fees under the EAJA in the amount of $8,148.86 (Plaintiff's total requested award minus the clerical paralegal entries discussed above). For good cause shown, and in the absence of opposition by the Commissioner to the hourly rate or number of hours, Plaintiff's Motion for Attorney Fees (Doc. #13) is **GRANTED IN PART and DENIED IN PART**.

The attorney fees awarded under the EAJA belong to Plaintiff, and not her attorney, and can be offset to satisfy pre-existing debt that Plaintiff owes the United States under *Astrue v. Ratliff*,

560 U.S. 586 (2010). After the Court enters this award, if counsel for the parties can verify that Plaintiff owes no pre-existing debt subject to offset, Defendant shall pay Plaintiff's EAJA award directly to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff. (Doc. #14, *PageID* #1876).

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Motion for Attorney Fees (Doc. #13) is **GRANTED IN PART and DENIED IN PART.**

2. The Commissioner shall pay Plaintiff's attorney fees under the EAJA in the amount of $8,148.86;

3. Counsel for the parties shall verify, within thirty days of this Order, whether Plaintiff owes a pre-existing debt to the United States subject to offset. If no such pre-existing debt exists, Defendant shall pay the EAJA award directly to Plaintiff's counsel pursuant to the EAJA assignment signed by Plaintiff; and

4. The case remains terminated upon the Court's docket.

May 23, 2024                                *s/Peter B. Silvain, Jr.*
                                                                            Peter B. Silvain, Jr.
                                                                            United States Magistrate Judge